IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM R. CARPENTER, ET AL., | ) | |
| Plaintiffs, | ) | Case No. 7:14CV00341 |
| v. | ) | **OPINION** |
| R. CLARY, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*James C. Ellis and Lynn E. Bowen, Pro Se Plaintiffs.*

These state prison inmates are named as plaintiffs in this civil rights action under 42 U.S.C. § 1983, filed by a sixth inmate who is not a plaintiff. The court filed the action on condition that each plaintiff consent to payment of the filing fee and demonstrate exhaustion of administrative remedies. Plaintiffs James C. Ellis and Lynn E. Bowen have done so.[1] Upon review of the record, I find that while these plaintiffs have fulfilled the prefiling conditions, the lawsuit must be summarily dismissed without prejudice as legally frivolous as to each of them.[2]

---

[1] The case has been dismissed as to the three other plaintiffs, because they failed to comply with court orders.

[2] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(a), (b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

Defendant R. Clary, an African American, is the Assistant Warden of Operations at Keen Mountain Correctional Center. The plaintiffs allege that on June 27, 2014, Clary visited the segregation unit where they were housed and said to Plaintiff Carpenter: "'You damn right I'm racist, I'm racist towards dumb, white people.'" (Compl. 3, ECF No. 1.) Plaintiff Ellis witnessed Clary's declaration to Carpenter. Clary then moved to Plaintiff Carrington's cell and stated: "'You damn right I'm racist! Racist toward dumb, white people whose [sic] scared to go to the yard.'" Plaintiff Bowen witnessed this incident. *Id.*

The plaintiffs are all Caucasians. They brought this suit against Clary, asserting that his comments caused them psychological harm and that because of his racial bias, he should no longer have control of their mail and their ability to access the courts. Ellis has filed a separate "MOTION FOR INJUNCTION," alleging that Clary taunted him on July 21, 2014, by asking if Ellis was "'afraid of him.'" (Mot. 1, ECF No. 12.)

The court must summarily dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous." 28 U.S.C. § 1915A(b)(1). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

Conclusory assertions of discrimination are not sufficient to state an actionable claim. *Chapman v. Reynolds*, 378 F. Supp. 1137, 1140 (W.D. Va. 1974). Similarly, allegations of mere words alone, however offensive or disrespectful, do not state any constitutional claim. *Carter v. Morris*, 164 F.3d 215, 219 n. 3 (4th Cir. 1999) (finding that, without more, officers' alleged use of "racial epithets" toward plaintiff did not "by itself rise to the level of a constitutional violation"); *Keyes v. City of Albany*, 594 F. Supp. 1147, 1155-56 (N.D.N.Y.1984) ("[T]he use of vile and abusive language, no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim" or support claim of race discrimination).

At the most, Ellis and Bowen allege that Clary made racially offensive remarks in their presence. These mere words, while disrespectful and disturbing if true, are not sufficient evidence to support an actionable constitutional claim of any sort. Therefore, I must summarily dismiss Ellis' complaint and Bowen's complaint against Clary as legally frivolous, 28 U.S.C. § 1915A(b)(1), and deny their pending motions seeking interlocutory injunctive relief.

A separate Final Order will be entered herewith. The clerk will send a copy of that Final Order and this Opinion to the plaintiffs.

DATED: September 5, 2014

/s/ James P. Jones
United States District Judge